IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,847, AP-75,848, AP-75,849






EX PARTE EDWARD PETER NEWPORT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W00-29456-T(A), W00-29454-T(A), AND W00-29440-T(A)


IN THE 283RD DISTRICT COURT OF DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual
assault and aggravated sexual assault and sentenced to 20 years' and 99 years' imprisonment. The
convictions were affirmed on direct appeal after appellate counsel did not file appellate briefs. 
Newport v. State, Nos. 05-01-01183-CR, 05-01-01184-CR, 05-01-01185-CR (Tex. App. - Dallas,
September 24, 2002, no pet.).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to file appellate briefs. We remanded these applications to the trial court in order to provide
appellate counsel an opportunity to respond to Applicant's contention in the context of habeas corpus
review.

 The trial court has entered findings that appellate counsel was ineffective and that Applicant
is entitled to out-of-time appeals. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). These findings are supported by the record. We
find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of the
judgments of conviction in Cause Nos. W00-29456-T, W00-29454-T, and W00-29440-T from the
283rd Judicial District Court of Dallas County. Applicant is ordered returned to that time at which
he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful
appeals. All time limits shall be calculated as if the sentences had been imposed on the date on
which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals,
he must take affirmative steps to file a written notices of appeal in the trial court within 30 days after
the mandate of this Court issues. All other claims are dismissed. See Ex parte Torres, 943 S.W.2d
469 (Tex. Crim. App. 1997).


Delivered: February 13, 2008 

Do Not Publish